IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ROLAND AIKEN,

   Petitioner,

  v.          CIVIL ACTION NO.: CV206-123

JOSE M. VASQUEZ, Warden,

   Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Roland Aiken ("Petitioner"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent has filed a Return on the Court's Order to Show Cause. For the following reasons, the petition for habeas corpus should be **DENIED**.

## STATEMENT OF THE CASE

Petitioner is currently serving an aggregated 248-month sentence at FCI Jesup. In October of 2005, Petitioner requested that he be allowed to correspond with his brothers, Ian Aiken, an inmate at the U.S. Penitentiary in Coleman, Florida, and Patrick Aiken, an inmate at the Federal Correctional Institution in Edgefield, South Carolina. Officials at FCI Jesup denied his request, and Petitioner appealed through the institution's Administrative Remedy Program. Respondent subsequently denied Petitioner's appeal, and on June 12, 2006, Petitioner filed the instant petition complaining that Respondent's decision violates his First Amendment rights. Petitioner seeks an order from this Court directing Respondent to allow the requested correspondence.

AO 72A
(Rev. 8/82)

Respondent asserts that Petitioner has failed to demonstrate how the requested relief would result in an earlier release from custody. Therefore, Respondent contends, Petitioner is not entitled to habeas relief. (Doc. No. 7, p. 4). Respondent further alleges that there is no constitutional basis for Petitioner's claims because he has no liberty interest in his correspondence with his incarcerated siblings. (Id. at 5-6).

## DISCUSSION AND CITATION TO AUTHORITY

A writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, provides prisoners the opportunity to seek relief from unlawful imprisonment or custody. The remedy of habeas corpus does not extend to a prisoner unless a prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The statute clearly refers to the legality of the prisoner's custody, not to conditions that a prisoner may experience while incarcerated. Thus, "while the petition for writ of habeas corpus is the sole remedy for prisoners challenging the fact or duration of their imprisonment," its availability as a means of contesting the conditions of confinement is a question that has expressly been left open by the Supreme Court. Gomez v. U.S., 899 F.2d 1124, 1126-27 (11th Cir. 1990) (citing Presier v. Rodriguez, 411 U.S. 475, 504, 93 S. Ct. 1827, 1843-44, 36 L. Ed. 2d 439 (1973) and Bell v. Wolfish, 441 U.S. 520, 527, n. 6, 99 S. Ct. 1861, 1868 n. 6, 60 L. Ed. 2d 447 (1979)). However, the law of the Eleventh Circuit is clear that the appropriate relief from unconstitutional prison conditions is not release by writ of habeas corpus. Instead, it is a discontinuance of the improper practice or correction of the conditions. Gomez, 899 F.2d at 1127 (citing Cook v. Hanberry, 596 F.2d 658, 660 (5th Cir. 1979)).

AO 72A
(Rev. 8/82)

Petitioner's contentions for relief under § 2241 are claims that the conditions, as opposed to the validity, of his confinement are unconstitutional. The relief Petitioner seeks is to be able to assert what he alleges are his First Amendment rights of free speech. Petitioner thus contests the conditions of his confinement, and a favorable decision by this Court granting that relief would not result in his release from custody. Thus, even if certain conditions of Petitioner's confinement have violated his constitutional rights, a § 2241 petition is not the proper remedy. Should Petitioner wish to assert a civil rights claim based on alleged constitutional violations, he must assert those claims under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), not in a habeas corpus petition. Accordingly, the Court finds that Petitioner is not entitled to habeas corpus relief. It is unnecessary to address any further contentions of the parties.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED and RECOMMENDED**, this 31st day of October, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3

AO 72A
(Rev. 8/82)